UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

VIRGINIA JOHNSON-GRUVER,
individually and on behalf of other
similarly situated.

Plaintiff,

v.

AMERICOR FUNDING, LLC and
CONSUMER NSIGHT LLC

Defendant.

Case No.: 3:23-CU-125-DPM

**CLASS ACTION COMPLAINT
FOR DAMAGES, STATUTORY
DAMAGES, AND REQUEST FOR
INJUNCTIVE RELIEF**

**JURY TRIAL DEMANDED**

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 2 5 2023

TAMMY H. DOWNS, CLERK
By: _____
DEP CLERK

**Preliminary Statement**

1.      Plaintiff Virginia Johnson-Gruver brings this action under the TCPA alleging that

Defendant Americor Funding, LLC ("Americor Funding") hired Consumer Nsight LLC

("Consumer Nsight"), who sent her and other putative class members telemarketing calls for

purposes of promoting their goods and services without their prior express written consent

despite their presence on the National Do Not Call Registry, a violation of the Telephone

Consumer Protection Act ("TCPA").

2.      Because these calls were transmitted using technology capable of generating

thousands of similar calls per day, she sues on behalf of a proposed nationwide class of other

persons who received similar calls.

3.      A class action is the best means of obtaining redress for the Defendants' illegal

telemarketing and is consistent both with the private right of action afforded by the TCPA and

the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

4.      Plaintiff, Virginia Johnson-Gruver, resides in this District.

This case assigned to District Judge Marshall
and to Magistrate Judge Ray

- 1 -

5.      Defendant Americor Funding, LLC is a California limited liability company.

6.      Defendant Consumer Nsight LLC is a Florida limited liability company.

## Jurisdiction & Venue

7.      The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8.      The Court has personal jurisdiction over the Defendants because they engaged in telemarketing conduct into this District and authorized the same.

9.      Venue is proper under 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the telemarketing calls were made into this District.

## TCPA Background

10.      The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11.      A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

12.      The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

13.     "Telemarketing" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

**Factual Allegations**

14.     Americor provides debt funding services.

15.     Americor uses telemarketing to promote its products and solicit new clients, including calls made by third parties.

16.     The Plaintiff's telephone number, (530) 363-XXXX has been on the National Do Not Call Registry since January of 2006.

17.     The Plaintiff's telephone number is a residential number.

18.     The Plaintiff's telephone number is used for personal purposes and is not associated with a business.

19.     Despite that, the Plaintiff still received telemarketing calls promoting Americor's services.

20.     Consumer Nsight made the calls at issue.

21.     The calls occurred on at least December 9, 16, 17, 2022 and January 6, 2023.

22.     All of the calls came from (530)-360 Caller ID numbers.

23.     All of the calls followed a similar script.

24.     The calls began with advertising debt relief services

25.     The calls asked the Plaintiff about any outstanding debt she may have that needs to be consolidated.

26.     On the January 6, 2023 call, the Plaintiff spoke to Kevin Foster and Johnny Hill from Americor.

27.     Kevin Foster and Johnny Hill gave the Plaintiff more specifics with respect to the

debt relief offering from Americor.

28.     Kevin Foster and Johnny Hill provided their e-mail addresses,

kevin.foster@americor.com and johnny.hill@americor.com.

29.     The Plaintiff was then sent an e-mail that had specific offerings for Americor.

30.     The calls were not necessitated by an emergency.

31.     Plaintiff and all members of the Classes, defined below, have been harmed by the

acts of Defendant because their privacy has been violated and they were annoyed and harassed.

Plaintiff and the Class Members were also harmed by use of their telephone power and network

bandwidth and the intrusion on their telephone that occupied it from receiving legitimate

communications.

### AMERICOR'S LIABILITY FOR CONSUMER NSIGHT'S CONDUCT

32.     On May 9, 2013, the FCC confirmed this principle in a Declaratory Ruling

holding that entities such as Americor may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing
> activities to unsupervised third parties would leave consumers in many cases
> without an effective remedy for telemarketing intrusions. This would particularly
> be so if the telemarketers were judgment proof, unidentifiable, or located outside
> the United States, as is often the case. Even where third-party telemarketers are
> identifiable, solvent, and amenable to judgment limiting liability to the telemarketer
> that physically places the call would make enforcement in many cases substantially
> more expensive and less efficient, since consumers (or law enforcement agencies)
> would be required to sue each marketer separately in order to obtain effective relief.
> As the FTC noted, because "[s]ellers may have thousands of 'independent'
> marketers, suing one or a few of them is unlikely to make a substantive difference
> for consumer privacy.

*May 2013 FCC Ruling*, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

33.    Americor signed a contract with Consumer Nsight despite the fact that Consumer Nsight made outbound calls to generate leads.

34.    Americor maintained interim control over Consumer Nsight.

35.    For example, Americor gave interim instructions to Consumer Nsight by providing (a) the days of the week and times they could make calls (b) limiting the amount of calls that they could make at one time (c) providing them instructions on where they had to send the calls.

36.    Americor also gave Consumer Nsight specific parameters on the amount and type of debt that the call recipients needed.

37.    Americor has previously been sued for alleged violations of telemarketing law based on third parties' conduct, but have continued their relationship with Consumer Nsight.

38.    Finally, the May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *Id.* at 6592-593 (¶ 46). Moreover, evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593 (¶ 46).

## Class Action Allegations

39.    As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States:

**Telephone Consumer Protection Act Do Not Call Registry Class**: All persons in the U.S. (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days (2) but who received more than one call made for a similar purpose as the calls to Plaintiff (3) from Consumer Nsight or any third party retained on their behalf for Americor (4) within a 12-month period (5) from the four years prior to the filing of the complaint through the date of trial.

40.      Defendants and its employees or agents are excluded from the Class.  Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

41.      Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

## Numerosity

42.      Members of the Class are so numerous that their individual joinder is impracticable.

43.      On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Class number in the thousands.

44.      The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

45.      Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants.

## Commonality

46.      Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

47.      Common legal and factual questions include, but are not limited to, whether Defendants have violated the Telephone Consumer Protection Act and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

**Typicality**

48.    The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendants without giving them her consent to receive such calls.

**Adequacy of Representation**

49.    Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class Members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.

50.    The interests of Class Members will be fairly and adequately protected by Plaintiff and her counsel.

**Superiority**

51.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

52.    Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

53.    Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system.  This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

54.    Individualized litigation also presents a potential for inconsistent or contradictory judgments.

55.    In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.

56.    Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

57.    Plaintiff repeats and incorporates the allegations set forth in the prior paragraphs as if fully set forth herein.

58.    The foregoing acts and omissions of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry. Here, Consumer Nsight engaged in calling conduct on behalf of Americor.

59.    The Defendants' violations were negligent, willful, or knowing.

60.    As a result of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.      Injunctive relief prohibiting Defendants from calling numbers on the National Do Not Call Registry to advertise their goods or services;

B.      A judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff are a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.      Such other relief as the Court deems just and proper.

## JURY DEMAND

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: May 25, 2023

Jason Ryburn, ARBIN 2012148
Ryburn Law Firm
650 S. Shackleford Rd., Ste. 231
Little Rock, AR 72211
[o] (501) 228-8100
[f] (501) 228-7300
jason@ryburnlawfirm.com

Zach Ryburn,
Ryburn Law Firm
650 S. Shackleford Rd., Ste. 231
Little Rock, AR 72211
[o] (501) 228-8100
[f] (501) 228-7300
zach@ryburnlawfirm.com

Anthony I. Paronich (*subject to pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[f] (508) 318-8100
anthony@paronichlaw.com