## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**VIRGINIA JOHNSON-GRUVER,**
**individually and on behalf of**
**others similarly situated**                                    **PLAINTIFFS**

v.                                    **No. 3:23-cv-125-DPM**

**AMERICOR FUNDING LLC**
**and CONSUMER NSIGHT LLC**                        **DEFENDANTS**

### ORDER

1.      Johnson-Gruver claims Americor Funding LLC and Consumer Nsight LLC coordinated to make four telemarketing calls to her that violated the federal Telephone Consumer Protection Act. She sues individually and on behalf of others similarly situated. Consumer Nsight says the Court lacks personal jurisdiction over it. Americor moves to strike the class allegations and to dismiss the complaint.  The Court accepts the pleaded facts as true and draws all reasonable inferences in Johnson-Gruver's favor.  *Trone Health Services, Inc. v. Express Scripts Holding Co.*, 974 F.3d 845, 850 (8th Cir. 2020).

2.      Consumer Nsight's motion to dismiss for want of personal jurisdiction, *Doc. 14*, is granted.   Arkansas law extends personal jurisdiction as far as the Due Process Clause allows.  ARK. CODE ANN. § 16-4-101(B).  The question is therefore whether it's fair and reasonable to require Consumer Nsight to defend this action in Arkansas.

*International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Johnson-Gruver must make a *prima facie* showing of this. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004). For the following reasons, she hasn't.

First, Consumer Nsight isn't subject to general jurisdiction. It's a Florida limited liability company with its principal place of business in Boca Raton. It has not registered to do business here. *Compare Mallory v. Norfolk Southern Railway Co.*, 600 U.S. 122, 133-35 (2023). It is not essentially at home in Arkansas. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

Second, Consumer Nsight isn't subject to specific jurisdiction. The Court has considered affidavits from the parties. Johnson-Gruver is an Arkansawyer with a California phone number, area code (530). She alleges in her complaint that Consumer Nsight made these telemarketing calls to her on Americor's behalf. She says these calls came from phone numbers that also had a (530) area code. She doesn't mention Consumer Nsight in her affidavit; but she adds that these calls continued after she told an unidentified caller that she was physically located in Arkansas. *Doc. 19-1 at 1-2.* Consumer Nsight denies this and offers the affidavit of its Chief Executive Officer, Richard Sabatino. He says, "Consumer Nsight does not engage in telemarketing in any jurisdiction, including in the State of Arkansas." *Doc. 14-1 at 2.* He also says Consumer Nsight never made calls on Americor's behalf; that it

–2–

never communicated with Johnson-Gruver or directed anyone else to do so; and that it doesn't make calls from any phone numbers with a (530) area code. *Doc. 14-1 at 3.*

The Court tests Johnson-Gruver's *prima facie* showing by the parties' pleadings, motions, and supporting affidavits and exhibits. *Dever*, 380 F.3d at 1072-73. Viewing the facts in the light most favorable to her, they don't support a reasonable inference that Consumer Nsight purposefully aimed these illegal calls at an Arkansawyer within the state's borders. She told someone that she was in Arkansas, but it's unclear whether that someone was from Consumer Nsight. *Doc. 19 at 8*; *Doc. 19-1 at 2.* And although she received several calls to her California phone number in Arkansas, those contacts are too "random, fortuitous, or attenuated" to establish purposeful availment. *Pederson v. Frost*, 951 F.3d 977, 980-81 (8th Cir. 2020). The Court looks to Consumer Nsight's "contacts and conduct with the forum state *itself*, not [Consumer Nsight's] contacts with the persons who reside there." *Whaley v. Esebag*, 946 F.3d 447, 451 (8th Cir. 2020) (emphasis original). On these facts, it would be unfair to hale Consumer Nsight into this Court to defend against Johnson-Gruver's allegations.

Last, the Court declines Johnson-Gruver's request for jurisdictional discovery. Her speculative and conclusory assertions about Consumer Nsight's contacts with Arkansas don't warrant it.

*Dever*, 380 F.3d at 1074 n.1;   *Steinbuch v. Cutler*, 518 F.3d 580, 589 (8th Cir. 2008).

3.     Americor's motion to dismiss, *Doc. 25*, is denied.  The TCPA makes it unlawful to make telephone solicitations to a number listed on the national do not call registry.     47 U.S.C. § 227(c)(3)(F). Johnson-Gruver alleges that her number has been on that registry since 2006.   She claims she received a series of telemarketing calls between December 2022 and January 2023.   She says that Americor hired Consumer Nsight to make these calls and that the calls promoted Americor's services.  She also claims that she spoke with two Americor representatives on the 6 January 2023 call who provided her with their Americor email addresses.  Accepting Johnson-Gruver's pleaded facts as true, she states a plausible TCPA claim against Americor under an agency theory of liability.  *Golan v. FreeEats.com, Inc.*, 930 F.3d 950, 960-61 (8th Cir. 2019).  Discovery will illuminate each company's role, if any, in the alleged telemarketing scheme.

4.     Americor's motion to strike the class allegations, *Doc. 27*, is denied without prejudice as premature.  The law disfavors striking class allegations at the pleading stage.  *Donelson v. Ameriprise Financial Services, Inc.*, 999 F.3d 1080, 1092 (8th Cir. 2021).  That's only appropriate in limited circumstances that don't apply here.  *Ibid.*  Class certification is usual in TCPA litigation because the main questions are common to all recipients.  *Sandusky Wellness Center, LLC v. Medtox Scientific, Inc.*,

821 F.3d 992, 998 (8th Cir. 2016).  But the Court can't make an informed decision yet.  The parties should conduct some class-related discovery and develop a record so the Court can evaluate whether a class should be certified.

*   *   *

Consumer Nsight's motion to dismiss, *Doc. 14*, is granted. Americor's motion to dismiss and motion to strike, *Doc. 25 & 27*, are denied.

So Ordered.

_D.P. Marshall Jr._
D.P. Marshall Jr.
United States District Judge

29 December 2023